UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | CRIMINAL NO. 05-432 (HKK) |
| : | |
| v. : | **FILED** |
| : | |
| DAVID CALZADA IBANEZ : | MAR 1 6 2006 |
| also known as Jaime Renata Gomez, : | |
| also known as Ruben Sandoval, : | NANCY MAYER WHITTINGTON, CLERK |
| : | U.S. DISTRICT COURT |
| Defendant. : | |

### GOVERNMENT'S SUBMISSION TO THE COURT IN PREPARATION FOR THE UPCOMING PLEA HEARING

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following in preparation for a plea hearing in the instant case..

I.   COPY OF THE PLEA AGREEMENT:

A copy of the plea agreement, not yet executed by the defendant, is attached.

II.   PENALTIES:

A.   Pursuant to 18 U.S.C. § 1546(a), Possession of Fraudulent Documents Prescribed for Authorized Stay or Employment in the United States, carries a sentence of not more than 10 years imprisonment, a fine of not more than $250,000, under 18 U.S.C. § 3571(b)(3), or both, and a period of supervised release of not more than three years, 18 U.S.C. § 3583(b)(2).

B.   Pursuant to 8 U.S.C. § 1326(a) the charge of Unlawful Reentry of a Removed Alien carries a penalty of not more than two (2) years imprisonment, a maximum fine of $250,000 under 18 U.S.C. § 3571(b)(3), or both, and a maximum period of supervised release of not more than one year under 18 U.S.C. § 3583(b)(3). If the defendant's prior removal from the United States was subsequent to a conviction

for commission of an aggravated felony, pursuant to 8 U.S.C. § 1326(a) and (b)(2), the charge of Unlawful Reentry of a Removed Alien carries a maximum penalty of twenty (20) years imprisonment, a maximum fine of $250,000 under 18 U.S.C. § 3571(b)(3), or both, and a maximum period of supervised release of not more than three years under 18 U.S.C. § 3583(b)(2).

C. In addition, a special assessment of $100 to the Clerk of the United States District Court should be assessed prior to the date of sentencing for each charge. See 18 U.S.C. § 3013.

III. FACTUAL PROFFER IN SUPPORT OF GUILTY PLEA:

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this statement of facts which the United States would have presented if this matter had gone to trial. The facts presented below show, beyond a reasonable doubt, that on or about October 18, 2005, in the District of Columbia and elsewhere, the defendant, David Calzada Ibanez, AKA Jaime Renato Gomez, AKA Ruben Sandoval, committed the offense of Unlawful Re-entry of a Removed Alien subsequent to a conviction for an aggravated felony in violation of 8 U.S.C. § 1326 (a) and (b)(2), and the offense of Possession of Fraudulent Documents Prescribed for Authorized Stay or Employment in the United States.

1. The defendant is a native and citizen of Mexico who entered the United States unlawfully at Calexico, Mexico, in 1996, and who has previously has been deported from the United States subsequent to a conviction for an aggravated felony without applying for the express consent of the Attorney General of the United States or the Secretary of Homeland Security.

2. On May 22, 1999, the defendant was arrested in Los Angeles, California. In case

number BA186612, the defendant was charged with Possession for Sale of Cocaine Base, a felony under California Health and Safety Code section 11351.5. In that matter, he gave as his name Jaime Renato Gomez.

3. On October 25, 1999 the defendant, using the name of Jaime Renato Gomez, was ordered deported from the United States by an duly authorized District Director of the Immigration and Naturalization Service. On or about October 26, 1999, the defendant was removed from the United States to Mexico through the land port of Calexico, California, by foot. Prior to his deportation, the defendant signed INS Form I-205 (Warrant of Deportation), and affixed a fingerprint to that document. The defendant made this fingerprint impression. Prior to his deportation, the defendant was also served with a INS Form I-294 which warned the defendant that he was "prohibited from entering, attempting to enter, or being in the United States . . . [a]t any time because you have been found . . . deportable under section 241 or 237 of the [Immigration and Nationality] Act, and ordered deported or removed from the United States, and you have been convicted of a crime designated as an aggravated felony." A duly sworn United States Immigration Officer witnessed the departure of the defendant from the United States on October 26, 1999.

4. At some date after his deportation on October 26, 1999, the defendant unlawfully returned to the United States. On or about October 18, 2005, at approximately 4:59 p.m., an officer of the United States Park Police observed the defendant sitting on a wall in the possession of an open and partially consumed 16-ounce bottle of Corona beer at the intersection of 16th and Harvard Streets, N.W., in Washington, D.C, which is within the United States. When asked for identification by the officer, the defendant produced a Mexican Driver's permit and voter's registration both in the name of David Calzada Ibanez. The defendant was then placed under

arrest for Possession of an Open Container of Alcohol. During a search incident to the defendant's arrest, a cell phone and tan plastic bag was recovered laying on a wall next to wear the defendant had been sitting. Inside of the bag was revealed two white t-shirts of the same make, style and size that the defendant was wearing. Also inside the bag were two small envelopes (one white, one brown) that were the size of credit cards. On the outside of the brown envelope was written the number "202 291 0656." Upon inspection of the cell phone, it was revealed that the name programmed into the phone as the phone's user was "D. Calzada." Further, the number "202 291 0656" was listed in the cellphone's outgoing call log.

5. The white envelope found inside the bag contained a purported Employment Authorization card and a United States Social Security card. Both cards were made out in the name of of Dina Rebeca Gomez. Both documents contained numerous errors in either their design or typesetting that demonstrated, on their face, that they were fraudulent. Also inside the white envelope were additional passport photos of the individual identified as Dina Rebeca Gomez. Inside the brown envelope was another purported United States Social Security card and Resident Alien card, both made out to Jorge Luis Torres Cruz. Both documents were immediately recognizable by the officer as fraudulent again because of obvious errors in their design or typesetting. Also inside the brown envelope were additional passport photos of the subject identified as Jorge Luis Torres Cruz.

6. A Social Security card, Resident Alien card, and Employment Authorization card are each documents prescribed by statute or regulation for entry into or as evidence of authorized stay or employment in the United States.

7. Following the defendant's arrest, his fingerprint impressions were taken and placed on a Criminal Fingerprint Card. On or about November 15, 2005, the defendant's fingerprints

were submitted to the Forensic Document Laboratory of the United States Immigration and Customs Enforcement's Office of Investigations, along with fingerprints contained in the defendant's alien immigration file which were taken prior to his deportation on October 25, 1999. The Forensic Document Laboratory determined that the fingerprints submitted all matched each other. These findings establish that the defendant made all of the fingerprint impressions appearing on the aforementioned documents.

8. The defendant did not obtain permission from the Attorney General or the Secretary of Homeland Security to re-enter the United States, where he was found on or about October 18, 2005.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney
Bar No. 451058

_____
G. MICHAEL HARVEY
Assistant United States Attorney
Federal Major Crimes Section
D.C. Bar No.447465
555 4th Street, N.W. #4243
Washington, DC 20001
Phone: 305-2195
Fax: 514-6010


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a copy of the foregoing to be served upon the attorney for the defendant, Lara Quint, Esquire, this ___ day of February, 2006.

_____
G. Michael Harvey
Assistant United States Attorney