IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. :   05-432 (HHK)** |
| | : | |
| v. | : | |
| | : | |
| **DAVID CALZADA IBANEZ,** | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |

## GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this memorandum to aid the Court in its sentencing decision.  For the reasons explained below, the government urges the Court to impose a sentence that falls within a Sentencing Guideline range of 57 to 71 months. The government's reasoning for this request is explained below.

On March 16, 2006, the defendant pleaded guilty to Possession of Fraudulent Documents and Unlawful Reentry of a Removed Alien, pursuant to a written plea agreement.  Based on his criminal history and the offenses to which he pleaded guilty, the Sentencing Guidelines call for a sentence of imprisonment in the range of 57 to 71 months.  The defendant has filed a sentencing memorandum asking for a sentence of only 36 months imprisonment.

The government believes that the defendant's request for a sentence outside of the range established by the Sentencing Guidelines is a breach of the written plea agreement that he executed with the government.  Paragraph 6 of the plea agreement provides that the defendant "**agrees not**

**to seek a downward departure for any reason from the otherwise applicable guideline range established by the Sentencing Guidelines**. The Government further agrees that it will not seek an upward departure from the otherwise applicable guideline range established by the Sentencing Guidelines." (Emphasis added.) Because it appears by a preponderance of the evidence that the defendant has breached the plea agreement, the government contends that it is no longer bound by its agreements in Paragraph 6 to request the additional one level reduction for acceptance of responsibility (for a total of 3-level reduction) and not to oppose a sentence at the low end of the Sentencing Guideline range.

As the Supreme Court instructed in U.S. v. Booker, 125 S.Ct. 738 (2005), the sentencing court should consult the sentencing range established by the Sentencing Guidelines in determining an appropriate sentence. The sentencing court must also consider the sentencing factors described in 18 U.S.C. § 3553(a). Consideration of the Sentencing Guidelines, sentencing factors and the defendant's criminal history – including the instant offenses -- convince the government that the sentencing range of 57 to 71 months is appropriate and reasonable for this defendant. See U.S. v. Olivares, 2006 WL 3716597 at *2 (D.C. Cir. Dec. 19, 2006)("In *Booker*, the Supreme Court . . . instructed that sentences shall be reviewed for reasonableness.").

First, it cannot be overlooked that the defendant's criminal conduct in this case was not insignificant. The defendant was obviously in possession of fraudulent identity documents that he intended to sell to other individuals. And although the government agreed to dismiss the charge of Aggravated Identity Theft pursuant to the plea agreement, that does not erase the fact that the fraudulent documents in the defendant's possession contained social security numbers that belonged to real people other than the people named on the fraudulent social security cards.

2

Selling fake identification documents to individuals can lead to other criminal activity. For example, many people who buy the documents are present in the U.S. illegally, and may use the documents to help obtain employment to which they are not entitled under U.S. law. Many of the fake identity cards contain real social security numbers or other identifying numbers that belong to U.S. citizens, whose identifying numbers may then be used to obtain financial credit that may eventually wreak havoc in the unsuspecting citizens' lives. Identity fraud and its criminal and financial consequences have become major problems in this society.

Selling fake identity documents on Columbia Road, N.W., in Washington, D.C., has become a major criminal industry, and a lucrative one. That is apparent because individuals, particularly those who are present in the U.S. illegally, continue to flock to that area to sell illegal identity documents. The fact that the vendors seek to send much of their earnings overseas to their families does not justify their presence here or their illegal methods of earning a living. A sentence that appears to be a slap on the wrist will not deter this defendant or others from selling illegal identity documents. Thus, a fairly lengthy sentence will help deter others from engaging in similar criminal activity and protect the public from defendant Ibanez's participation in the illegal document industry.

Furthermore, the defendant has repeatedly returned to the U.S. in knowing violation of the law. A relatively long sentence will help promote respect for the criminal laws of this country and provide just punishment for an individual who repeatedly ignores the need to enter this country in a legal manner. The government is sympathetic to the defendant's personal tragedies, and his desire to live in the U.S., but his personal situation does not justify violation of our laws.[1]

---

[1] The government supports the defendant's request to serve his sentence at a facility that can provide him with appropriate mental health treatment.

The defendant cites U.S. v. Smith, 27 F.3d 649 (D.C. Cir. 1994), in support of his request for a more lenient sentence than that called for by the Sentencing Guidelines. However, he is not deserving of a lighter sentence because of his status as an illegal alien, especially since he has repeatedly entered the U.S. in violation of federal law. Indeed, in U.S. v. Olivares, supra, 2006 WL 3716597 at *5, the Court explained:

> The court [in U.S. v. Smith] emphasized, however, that a finding that an individual's deportable alien status would likely 'lead to worse conditions' was insufficient to justify a departure. . . . Instead, a court should only depart if it is 'persuaded that the greater severity is undeserved' [citations omitted].

In this instance, given Ibanez's criminal history and repeated illegal reentries into the U.S., the government is not persuaded that it is an undeserved circumstance that Ibanez cannot participate in certain prison programs or benefits because he is in the U.S. illegally. Therefore, the government opposes a departure from the sentencing guideline range based on the Smith case.

WHEREFORE, the government requests that the Court impose a sentence that is within the sentencing guideline range of 57 to 71 months.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney

By: _____
Frederick Yette, DC Bar # 385391
Assistant U.S. Attorney
Federal Major Crimes Section
555 4th Street, N.W.
Washington, D.C. 20530
(202) 353-1666
Frederick.Yette@usdoj.gov