IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>                                                  )<br>       v.                                         )<br>                                                  )<br>DAVID CALZADA-IBANEZ        )<br>_____) | Cr. No. 05-432 (HHK) |

**DEFENDANT'S RESPONSE TO GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

Mr. Calzada-Ibanez, through his counsel, Lara G. Quint, Assistant Federal Public Defender, hereby respectfully submits this response to the government's memorandum in aid of sentencing.

Mr. Calzada-Ibanez filed a sentencing memorandum asking the Court to sentence him to a period of incarceration of 36 months–a sentence below the advisory Guidelines range of 57-71 months. In response, the government filed a memorandum arguing that, by asking the Court to sentence him to a sentence below the advisory Guideline range of 57-71 months, Mr. Calzada-Ibanez had breached the plea agreement. Mr. Calzada-Ibanez respectfully disagrees with the government's contention that his request constitutes a "breach" of the plea agreement.

The plea agreement entered into between Mr. Calzada-Ibanez and former government counsel, G. Michael Harvey, Esq., merely referred to "downward departures" from the advisory Sentencing Guideline range and did not contain a so-called "Booker waiver." As government counsel knows, the term "departure" has a very specific meaning under the Sentencing Guideline regime. The United States Attorney's Office is aware of the specific meaning of the term

"departure" and, for this reason, often drafts specific language barring *any* requests for sentences outside the Guideline range in its plea agreements.[1] The government knows the difference between "departures" and requests made pursuant to United States v Booker, 125 S. Ct. 738 (2005); in this case, the government did not require the defendant to ask for a sentence within the advisory Guideline range and counsel did not agree to forego making such a request. The agreement's use of the term "departure," when "understood in the 'usage of the trade' relevant to sentencing....refer[s] to distinct types of sentence modifications under the Guidelines, not to imposition of a non-Guidelines sentence made legal only after Booker." United States v. Cosimi, 368 F. Supp. 2d 345, 356 (SDNY 2005).

In her sentencing memorandum, counsel asked the Court to consider factors–such as the defendant's family circumstances and background–which, under the Sentencing Guidelines regime, would never constitute grounds for a downward departure. The court faced a similar situation in Cosimi, where the defendant–who had signed a plea agreement barring him from seeking a "downward departure"–asked the Court to consider "additional circumstances" that Booker rendered relevant to sentencing. The Court stated that the arguments "could not even arguably sustain a downward departure under jurisprudence of the Guidelines," id., and held that defendant did *not* breach the plea agreement by discussing post Booker sentencing law and advocating a non-Guideline sentence. Id.

---

[1] As an example, counsel is currently considering a plea offer which states that "neither party will seek a departure or any adjustment" not set forth in the plea, nor "suggest that the Court consider such a departure or adjustment." In some cases, the government goes so far as to explicitly bar any requests under the so-called "Booker factors," or the factors outlined in 18 U.S.C. § 3553(a). In others, the government inserts language stating that both parties will request sentences within the applicable Guideline range.

For the reasons set forth above, counsel submits that her request did not constitute a breach of the plea agreement in this case and asks that the Court consider the additional sentencing factors outlined in her sentencing memorandum.

.

        Respectfully submitted,
        A.J. Kramer
        Federal Public Defender


        _____/s/_____
        Lara G. Quint
        Assistant Federal Public Defender
        625 Indiana Avenue, N.W.
        Washington, D.C. 20004
        (202) 208-7500 ex.134